| | | |
|---|---|---|
| **CHRISTOPHER J. FRAINO, SR.** | * | **NO. 2022-CA-0361** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **MALACHI S. HULL AND DEFINE YOUR IMAGE, LLC** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-03669, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE

Jonathan D. Lewis
Daniel E. Davillier
Charles Ferrier Zimmer, II
DAVILLER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**
**JANUARY 31, 2023**

We grant appellee, Christopher Fraino's application for rehearing for the limited purpose of addressing his argument that this Court made an egregious error of law by reversing the trial court's March 14, 2022 judgment, which granted his motion for summary judgment and dismissed the appellant, Christopher J. Fraino, Sr.'s reconventional demand with prejudice.

Mr. Fraino's application for rehearing seeks reconsideration of this Court's December 29, 2022 opinion. Mr. Fraino argues that this Court's "opinion guts the [C]ity's regulation and management of the equitable business opportunities program." Mr. Fraino further argues that this Court's ruling violates the contract between him and the City because the contract prohibits payment for solicitation.

In opposition to Mr. Fraino's application, Mr. Hull argues that Mr. Fraino's assertion that this Court's decision results in the allowance of a patently illegal contract is meritless and the matter concerns whether a material issue of fact exists as to the he and Mr. Fraino's formation of a joint venture.

On rehearing, Mr. Fraino attempts to expand his motion for summary judgment argument. Mr. Fraino attempts now to focus solely on the solicitation

1

clause in the City's contract when the basis of his argument in the January 7, 2022 motion for summary judgment was a lack of genuine issues of material fact as to the formation of an oral joint partnership agreement between him and Mr. Hull and that Mr. Hull was not qualified to serve as a DBE. Notwithstanding of the terms of the City's contract, which is not before this court on appeal, we found that genuine issues of material fact exist as to whether there was a separate agreement between Mr. Fraino and Mr. Hull to pursue a contract with the City or whether Mr. Hull gratuitously assisted Mr. Fraino in obtaining the City contract. Accordingly, Mr. Fraino fails to produce any legal basis to support his argument or warrant an amendment to this Court's original opinion.

For these reasons, we grant a limited rehearing, deny relief, and affirm our original opinion.

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**